CT Corporation

**Service of Process Transmittal**
08/13/2015
CT Log Number 527640783

**TO:**   Molly Farrel
Universal Health Services, Inc.
120 Bert Brown St
San Marcos, TX 78666-5803

**RE:**   **Process Served in District of Columbia**

**FOR:**   District Hospital Partners, L.P.  (Domestic State: DC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lincoln Hunter, et al., Pltfs. vs. Medstar Georgetown University Hospital and District Hospital Partners, L.P., Dfts. |
| **DOCUMENT(S) SERVED:** | Order, Addendum, Summons, Attachment(s), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2015CA006038B |
| **NATURE OF ACTION:** | Violation of the district of Columbia consumer protection procedures act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/13/2015 at 12:36 |
| **JURISDICTION SERVED :** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Craig L. Briskin<br>Mehri & Skalet, PLLC<br>1250 Connecticut Ave. NW<br>Suite 300<br>Washington, DC 20036<br>202-822-5100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/14/2015, Expected Purge Date: 08/19/2015 |
| | Image SOP |
| | Email Notification, Caitlin Larkin  Caitlin.larkin@uhsinc.com |
| | Email Notification, Matthew Klein  matthew.klein@uhsinc.com |
| | Email Notification, Holly Groth  Holly.Groth@uhsinc.com |
| | Email Notification, Carolyn Clark  Carolyn.Clark@UHSinc.com |
| | Email Notification, Molly Farrel  molly.farrel@uhsinc.com |
| | Email Notification, Nicholas Nolfi  Nicholas.Nolfi@uhsinc.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said docum[...] appropriate action. Signatures on certi[...] confirm receipt of package only, not co[...]

**EXHIBIT**

_A_

 CT Corporation

**Service of Process Transmittal**
08/13/2015
CT Log Number 527640783

**TO:**   Molly Farrel
Universal Health Services, Inc.
120 Bert Brown St
San Marcos, TX 78666-5803

**RE:**   **Process Served in District of Columbia**

**FOR:**   District Hospital Partners, L.P.  (Domestic State: DC)

**SIGNED:**
**ADDRESS:**   C T Corporation System
1015 15th Street, N.W.
Suite 1000
Washington, DC 20005
**TELEPHONE:**   202-572-3133

Page 2 of  2 / BR

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CHRISTINE GAMBINO et al
    Vs.                                   C.A. No.     2015 CA 006038 B
DISTRICT HOSPITAL PARTNERS, L.P. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  August 7, 2015
Initial Conference: 9:30 am, Friday, November 06, 2015
Location:  Courtroom 219
          500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Filed**
**D.C. Superior Court**
**08/12/2015 15:03PM**
**Clerk of the Court**



*Superior Court of the District of Columbia*
### CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Lincoln Hunter, Alexander Borbely, and Garrett and Christine Gambino
<u>Plaintiff</u>

vs.                                     Case Number  2015 CA 006038 B

District Hospital Partners, L.P.
<u>Defendant</u>

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Craig Briskin
────────────────────
Name of Plaintiff's Attorney

1250 Connecticut Ave NW, Suite 300          By ────────────────────
Address
Washington, DC 20036

202-822-5100                                Date  08/12/2015

Telephone
如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.   የትርጉም እርዳታ ከፈለጉ በ (202) 879-4828 ይደውሉ

*Clerk of the Court*

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                      CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____   Demandante

contra

_____   Número de Caso: _____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

Nombre del abogado del Demandante
_____

Por: _____

Dirección
_____                    Subsecretario

Fecha _____

Teléfono
_____

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오           የትርጉም እርዳታ ከፈለጉ ለማግኘት ይደውሉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

Filed
D.C. Superior Court
08/08/2015 13:26PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| LINCOLN HUNTER,<br>2345 14th Street NE<br>Washington, DC 20018,<br><br>ALEXANDER BORBELY,<br>1511 Trinidad Avenue NE<br>Washington, DC 20002,<br><br>and<br><br>GARRETT AND CHRISTINE GAMBINO,<br>on behalf of their minor child, R.G.,<br>5605 Ridge View Drive<br>Alexandria, VA 22310,<br><br>on their own behalf and on behalf of<br>all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>MEDSTAR GEORGETOWN<br>UNIVERSITY HOSPITAL,<br>3800 Reservoir Road NW<br>Washington, DC 20007,<br><br>and<br><br>DISTRICT HOSPITAL PARTNERS, L.P.,<br>d/b/a The George Washington University Hospital,<br>900 23rd Street NW<br>Washington, DC 20037,<br><br>          Defendants. | Civil Action No.  2015 CA 006038 B<br><br>Judge:<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

1

Plaintiffs Lincoln Hunter, Alexander Borbely and Garrett and Christine Gambino, on behalf of their minor child, R.G. ("Plaintiffs"), by and through their attorneys, file this complaint against Defendants Medstar Georgetown University Hospital and District Hospital Partners, L.P. ("Defendants"), on behalf of themselves and others similarly situated, concerning Defendants' violations of the District of Columbia Consumer Protection Procedures Act. Plaintiffs make the following allegations on personal knowledge as to themselves and their own acts, and as to all other matters on information and belief, as follows:

## INTRODUCTION

1.      Plaintiffs bring this proposed class action seeking damages and injunctive relief against Defendants Medstar Georgetown University Hospital and District Hospital Partners, L.P. (George Washington University Hospital), based on Defendants' assessment and collection of illegal and grossly excessive charges that Plaintiffs and others paid for copies of personal medical records of treatment they received at Defendants' hospitals.

2.      District of Columbia law entitles patients to obtain a copy of their medical records within 30 days of a request, for a reasonable fee. Federal law requires that if a medical provider maintains a patient's records in electronic format, the patient is entitled to a copy of those records in electronic format. The medical provider may charge a reasonable fee for providing electronic or paper copies, but only for the cost of labor for copying and preparing a summary (if one is requested), the cost of the paper or electronic media (such as a CD, if requested), and postage. No other fees may be charged. Because the labor involved in copying medical records (especially electronic records) is minimal, the cost of obtaining copies of health records should also be minimal.

3.      Defendants maintain patient medical records in electronic format, but they charge far more for copies that is allowed by law.  In response to Plaintiffs' requests for their electronic records, Defendants billed them per-page rates and processing fees that are far in excess of the labor and supply costs of providing the copies.

4.      Defendants' charges for medical records constitute unfair, deceptive and illegal practices that violate the District of Columbia Consumer Protection Procedures Act.  Plaintiffs seek an injunction that will put an end to Defendant's unlawful overcharges for medical records. They also seek to recover the full monetary relief available under the law for the overcharges that they and others have paid for both paper and electronic copies of their medical records.

## PARTIES

5.      Plaintiff Lincoln Hunter resides at 2345 14th St. NE, Washington, D.C.

6.      Plaintiff Alexander Borbely resides at 1511 Trinidad Avenue NE, Washington, D.C.

7.      Plaintiffs Garrett and Christine Gambino, parents of their minor child, R.G., reside at 5605 Ridge View Drive, Alexandria, VA.

8.      Defendant MedStar Georgetown University Hospital ("MGUH") is a private hospital, located at 3800 Reservoir Road NW, Washington, D.C. It is part of MedStar Health, the largest regional medical provider in the Baltimore-Washington metropolitan area, which includes ten hospitals.

9.      Defendant District Hospital Partners, L.P., doing business as George Washington University Hospital ("GWUH"), is located at 900 23rd St. NW, Washington, DC.

JURISDICTION

      10.    This Court has jurisdiction over this action pursuant to D.C. Code §§ 11-921, 13-423, and 28-3905(k)(1).

FACTUAL ALLEGATIONS

**A.**    **The Transition to Electronic Medical Records Under HIPAA and the HITECH Act**

      11.    In the last decade, this country has experienced a dramatic change in the way that individuals' medical records are created and stored. Previously, a patient's medical records were only maintained in paper form. An individual with multiple health care providers could have separate files that would not be available to other providers unless they made a specific request for the records, which would have to be manually copied and mailed. This fragmented system could result in providers making incorrect medical decisions based on incomplete information.

      12.    Now, a majority of health care providers, including larger hospitals like MGUH and GWUH, maintain medical records in electronic format, and can transmit those records electronically as well. The time and labor necessary to transfer records, and to provide them to patients, is dramatically reduced.

      13.    Federal law has spurred this transition. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") required the establishment of national standards for the authorized use and dissemination of electronic medical records.

      14.    Pursuant to Title II of HIPAA, the Department of Health and Human Services promulgated the "Privacy Rule" on December 28, 2000, to regulate the use and disclosure of "Protected Health Information" (PHI) by "covered entities." Covered entities include health care providers such as Defendants, health insurers and independent contractors of covered entities.

4

15.     The Health Information Technology for Economic and Clinical Health Act (the "HITECH Act") was enacted in 2009, at 42 U.S.C. § 17935. The purpose of the HITECH Act and its funding to health care providers is to make health care system more efficient and affordable for patients. The statute states in part:

> (e) Access to certain information in electronic format. In applying section 164.524 of title 45, Code of Federal Regulations, in the case that a covered entity uses or maintains an electronic health record with respect to protected health information of an individual—
>
>> (1) the individual shall have a right to obtain from such covered entity a copy of such information in an electronic format and, if the individual chooses, to direct the covered entity to transmit such copy directly to an entity or person designated by the individual, provided that any such choice is clear, conspicuous, and specific; and
>>
>> (2) notwithstanding paragraph (c)(4) of such section, any fee that the covered entity may impose for providing such individual with a copy of such information (or a summary or explanation of such information) if such copy (or summary or explanation) is in an electronic form shall not be greater than the entity's labor costs in responding to the request for the copy (or summary or explanation).

16.     On January 25, 2013, HHS revised the Privacy Rule, including 45 C.F.R. § 164.524(c)(4), implementing the HITECH Act. It states as follows:

> (4) *Fees.* If the individual requests a copy of the protected health information or agrees to a summary or explanation of such information, the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of:
>
>> (i) Labor for copying the protected health information requested by the individual, whether in paper or electronic form;
>>
>> (ii) Supplies for creating the paper copy or electronic media if the individual requests that the electronic copy be provided on portable media;
>>
>> (iii) Postage, when the individual has requested the copy, or the summary or explanation, be mailed; and

> (iv) Preparing an explanation or summary of the protected health information, if agreed to by the individual as required by paragraph (c)(2)(iii) of this section.

17.     HHS stated in introducing the rule that it applies to *both* paper and electronic health records: "we clarify that a covered entity may not charge a retrieval fee (whether it be a standard retrieval fee or one based on actual retrieval costs). This interpretation will ensure that the fee requirements for electronic access are consistent with the requirements for hard copies, which do not allow retrieval fees for locating the data." 78 Fed. Reg. 5566, 5635-36 (Jan. 25, 2013). HHS also stated, "With respect to electronic copies, we asserted that a reasonable cost-based fee includes costs attributable to the labor involved to review the access request and to produce the electronic copy, which we expected would be **negligible**." *Id.* (emphasis added).

18.     District of Columbia law requires health care providers to provide a patient or patient's representative with his or her medical record within a "reasonable time" from the request, and to pay a "reasonable fee for copying, as determined by the board through rulemaking." D.C. Code § 3-1210.11. District of Columbia regulations have defined "reasonable time" to mean within 30 days of the request. However, the regulations do not further define what constitutes a "reasonable fee." CDCR § 17-4612. Federal law defines a "reasonable fee" for purposes of District of Columbia law.

**B.    Defendants Use Electronic Medical Records**

19.     The HITECH Act included "as much as $36.5 billion in spending to create a nationwide network of electronic health records."[1] The HITECH Act empowered HHS to make incentive payments to hospitals and health care providers to adopt electronic record-keeping.

---

[1] Robert O'Harrow Jr., The Machinery Behind Health-Care Form, *Washington Post*, May 16, 2009.

6

20.    According to records maintained by the Center for Medicaid and Medicare Services, Defendant MGUH received over $1.6 million in HITECH incentive payments in 2013, and over $1.3 million in HITECH incentive payments in 2014.  Defendant GWUH received over $1.7 million in 2012, over $1.2 million in 2013, and almost $800,000 in 2014.  Defendants received these incentive payments for reaching defined benchmarks for the adoption of electronic medical records.

21.    Defendant MGUH's parent, MedStar, has disclosed in financial statements that it has collected incentive payments for meeting "meaningful use" benchmarks for adoption of certified EHR technology.  "During the years ended June 30, 2013 and 2012, certain hospitals and physicians satisfied the meaningful use criteria.  As a result the Corporation recognized $16.6 and $6.6 [million] of EHR incentives during fiscal year 2013 and 2012, respectively, in other operating revenue."[2]

22.    In 2008, MedStar hired a technology company, Cerner, "to automate clinician documentation, pharmacy and laboratory operations, medication administration processes and bedside care activities."[3]  MGUH and Cerner stated in a joint press release, "The Cerner Millennium PathNet(R), PharmNet(R), PowerChart(R) and MillenniumPOC(TM) solutions are replacing the health system's existing HIT products."  Cerner President Trace Devanny stated, "These solutions will help improve patient safety and clinician workflow at several junctures in the care process, including quick access to patient records, management of medication dispensing, administration processes and automation of laboratory practices."

---

[2] http://hscrc.maryland.gov/documents/Hospitals/ReportsFinancial/Audited/fy-2013/Medstar_AFS_2013.pdf.

[3] Bernie Monegain, MedStar takes one-vendor approach with Cerner IT, *Healthcare IT News*, January 23, 2008, available at http://www.healthcareitnews.com/news/medstar-takes-one-vendor-approach-cerner-it (viewed June 27, 2015).

23.     On its website, Defendant MGUH explains, "MedStar uses several clinical information systems (CIS)," and lists them as follows:

- *Amalga*: Hospital Inpatient and Outpatient EHR
- *Centricity*: Outpatient/Ambulatory EHR
- *MedConnect (aka Cerner)*: Hospital Inpatient EHR
- *Citrix*: Remote access for Centricity
- Starport: Intranet Collaboration Site
- Perigyn/Peribirth (aka iProb): Labor and Delivery Management EHR
- *ARIA*: Lombardi Cancer Center EHR
- ·MRDI: Scanned prior documents records
- *Medstar Physician Wireless Network (PWN)*: Hospital wireless internet[4]

24.     "EHR" means "electronic health record," which is a fully digital version of a patient's paper chart. "EHRs are real-time, patient-centered records that make information available instantly and securely to authorized users."[5]

25.     Defendant GWUH states on its website that it has transitioned completely to electronic medical records.

### Do you use electronic medical records (EMR)?

YES! We are paperless and use EMR for patient notes, orders, and results. This is true of our clinic, GWU Hospital, and all affiliated sites. The EMRs are different at different affiliated sites, but our residents find them to be straightforward and user-friendly.[6]

26.     Like MGUH, GWUH has contracted with Cerner in connection with its electronic medical record systems. In its instructions to residents, it explains, "The Cerner Millennium

---

[4] Georgetown University School of Medicine, *Student Access to Hospital Information Systems,* https://som.georgetown.edu/studentservices/informatics/about/medstarstudentaccess (viewed June 24, 2015).

[5] HealthIT.gov, *What is an electronic health record (EHR)?* http://www.healthit.gov/providers-professionals/faqs/what-electronic-health-record-ehr (viewed June 24, 2015).

[6] https://smhs.gwu.edu/medicine-residency/applying/FAQ (viewed July 28, 2015).

electronic medical record platform provides you the ability to access and complete your patient records electronically."[7]

    27.    Defendants have outsourced the processing of medical records copy requests to a for-profit company, HealthPort, Inc. HealthPort stated in a 2009 financial disclosure:

> Our primary business is providing outsourced technology-enabled release-of-information services to our customers, which we refer to as ROI. ROI is the process by which information contained in patient health records is requested by and provided to authorized requestors such as attorneys, insurance companies, government agencies and others. We believe we are the largest provider of ROI services with a market share of approximately 20%, and utilize our expertise and technology to fulfill requests for health records in an accurate, regulatory-compliant and timely manner.

    28.    HealthPort promises that outsourcing will save its clients money on labor: "our fully outsourced offering increases productivity while your facility enjoys a cost reduction through efficiencies and redirection of [full-time employees]."[8]

## C.    Defendants Charge Illegal Rates and Fees

    29.    Defendants charge far in excess of the actual cost of labor and supplies involved in providing copies of medical records.

    30.    "Delivery fees" are not allowable charges. The time that Defendants are "storing" an electronic medical record on their systems is not "labor." Per-page copy charges are not labor costs when no labor goes into copying each page. It does not require twice as much labor to provide a 100-page record as it does to provide a 50-page record, whether it is electronic or

---

[7] https://smhs.gwu.edu/sites/default/files/2013%20Resident%20Manual%20-%20FINAL.doc (viewed July 28, 2015).

[8] https://www.healthport.com/let-us-assist-you/who-we-serve/hospital-health-system.aspx (viewed July 31, 2015).

paper. It also does not require more labor to provide copies or online access to an individual's attorney than to provide the same access to the individual.

**D.    Plaintiffs' Transactions**

    **1.    MGUH -- Lincoln Hunter & Garrett and Christine Gambino**

    31.    On March 14, 2015, Garrett and Christine Gambino sent a personally signed letter to Defendant MGUH on behalf of their minor child, R.G., for copies of medical records of R.G.'s birth at MGUH in January 2013. Ex. 1. The first paragraph of the letter begins: "I request that you send a complete **electronic format copy** of [R.G.'s] medical records, **including imaging studies and billing records**, for the above-listed time period [January 2013-present], to my attorney . . ." (emphasis in original). The Gambinos stated that they had enclosed a HIPAA-compliant authorization for the request. Ex. 1, 2.

    32.    The Gambinos stated, "Do not send a paper copy of these records, and do not bill my attorneys for a paper copy. The HITECH Act and its regulations do not allow you to bill for paper copies when an electronic copy has been requested." Ex. 1. They asked that the records be produced in electronic form, either on a CD, or with "instructions about how to download the records from a secure website." *Id.*

    33.    On March 23, 2015, Plaintiff Lincoln Hunter sent a personally signed letter to Defendant MGUH, in connection with treatment he received at MGUH in January 2015. Ex. 3. The first paragraph of the letter begins as follows: "I request that you send a complete **electronic format copy** of my medical records, **including imaging studies and billing records**, for the above-listed time period [January 2015-present], to my attorney . . ." *Id.* (emphasis in original).

34.     Mr. Hunter stated, "Do not send a paper copy of these records, and do not bill my attorneys for a paper copy. The HITECH Act and its regulations do not allow you to bill for paper copies when an electronic copy has been requested." *Id.* He asked that the records be produced in electronic form, either on a CD, or with "instructions about how to download the records from a secure website." *Id.* He further stated that he had enclosed a HIPAA-compliant authorization for the request. Ex. 3, 4.

35.     MGUH failed to comply with either request. Through its third-party contractor, an entity named HealthPort, MGUH sent the Gambinos an invoice dated April 4, 2015, stating, "We do not put records on CD. **Only paper copy.**" Ex. 5 (emphasis added). The invoice set out a total of **$1167.88**, which it broke down as follows: (1) a per-page copying fee of 76 cents for an estimated 1500 pages, totaling $1140.00, (2) a "Basic Fee" of $22.88, and (3) a shipping and handling fee of $16.38. *Id.* It states, "You can expect that the final price may be within ten percent (10%) above or below the approximate total price listed on this form." *Id.* The invoice form does not mention or otherwise offer any form of electronic copies or access. *Id.*

36.     On April 28, 2015, MGUH sent Mr. Hunter a "Price Approval Request" listing a "Healthport Fee Schedule." Ex. 6. The "approximate total" was **$1559.26**, broken down as follows: (1) a per-page copying fee of 76 cents for an estimated 2000 pages, totaling $1520, (2) a "Basic Fee" of $22.88, and (3) a shipping and handling fee of $16.38. *Id.* It states, "You can expect that the final price may be within ten percent (10%) above or below the approximate total price listed on this form." *Id.* The invoice does not mention or otherwise offer any form of electronic copies or access. *Id.*

37.     Plaintiffs Gambino and Hunter responded by letter that they had requested electronic records, which MGUH was required to produce under law, and that MGUH was not allowed to charge a per-page fee.  Ex. 7, 8.

38.     MGUH's legal counsel replied on April 30, 2015, "MedStar does not have the capability of producing copies of medical records on CDs and as such, in accordance with the above-mentioned regulation [45 C.F.R. § 164.524(c)(2)(i)] your client was offered alternative methods to receive access to electronic medical records, which was not acceptable to you.  Thus the alternative – in accordance with 45 CFR 164.524(c)(2)(i) would be to receive paper medical records." Ex. 9.  MGUH counsel is incorrect.  MGUH categorically refused to provide any form of electronic copy.  It stated, "Only paper copy." Ex. 5.

39.     Counsel for Hunter and the Gambinos responded the same day by letter, making clear that Plaintiffs would "accept our clients' medical records in an electronic format produced on CD, flash drive, by email, or in any other way in which these records can be produced.  I assume MedStar has the capability of transmitting the electronic records in some form to us." Ex. 10.

40.     Counsel for MGUH then conceded in a May 11, 2015 email that the records were maintained electronically on a database called "HealthPort Connect," and that it could make the records available for download:

1)      Currently, MedStar Georgetown does not have the capability to provide medical records on a CD.  There are two formats currently available: 1) a paper copy can be mailed or 2) the medical record can be accessed electronically through HealthPort Connect ("HP Connect").  To utilize HP Connect, attorneys/third-parties must complete the attached Membership form.  The applicable transaction fee is based on how long the attorney/third-party requires access to the Portal because HealthPort is essentially storing the medical record for you until you are done using it.  The record can be printed and/or downloaded to a computer. The same

12

two options are available for patients, although the process for accessing HP Connect is different for a patient and does not require completion of the Membership form (I can explain this process if you wish but it is basically accessed through a link to the portal which is sent to the patient through secure email).

2) The cost of the medical record is based on state regulation. Since D.C. is not regulated, the default is Maryland. The cost associated with the release of a medical record for a patient is 76 cents per page per Maryland regulation when printed on paper. The cost associated with the release of a medical record to a patient through HP Connect is based on the labor and supply costs calculated at 49 cents per page. The cost to attorneys/third-parties is 76 cents per page regardless of the format (plus the transaction fee for HP Connect). The rate differential for patients versus attorneys/third-parties has been confirmed in an OCR opinion (again, we can provide additional details if you wish).

Ex. 11.

41.    MedStar counsel sent Plaintiffs a "HealthPort*Connect* membership form which set forth three "pricing structures" for online delivery:

☐    Option 1: $2.00 delivery fee per request and 90 days of free storage. Records will automatically delete from the server after allotted time.
☐    Option 2: $3.99 delivery fee per request and records will be stored for 180 days. Records will automatically delete from the server after allotted time.
☐    Option 3: $4.99 delivery fee per request and records will be stored for 365 days. Records will automatically delete from the server after allotted time.

**ABOVE PRICES ARE IN ADDITION TO STATE LEGISLATED RELEASE OF INFORMATION RATES.**

Ex. 12.

42.    In a subsequent email on May 13, 2015, Counsel for MGUH asserted that the allowable charge for electronic records was the *same* as that for paper records, 76 cents per page. Ex. 13. MGUH Counsel also asserted that federal law did not apply to "third party records requests," and a request made by an individual to mail copies to that individual's attorney was, in

Defendants' view, a "third party" request. *Id.* For this reason, "HealthPort is permitted to determine what they consider a reasonable fee for providing those records to you because you are a third party." *Id.* MGUH stated that if the clients requested the medical records be released to them personally, HealthPort would charge the "reduced rate," which it stated was 49 cents per page. *Id.*

43.     In defense of its quoted rates, Defendant MGUH asserted that "HealthPort engaged KPMG to determine industry standard fees for scanning, compiling, organizing and distribution of electronic medical records on behalf of their clients. This fee is not specific to MedStar but rather applies to all their clients. To that end we are not in the position to provide you a breakdown of how they determine the fee structure." *Id.*

44.     The proposition that providers can charge rates based on Maryland law is incorrect, because Maryland law does not apply in the District of Columbia. As the District of Columbia Court of Appeals observed in *Julian v. ChartOne*, 908 A.2d 72 (D.C. 2006), "Unlike the District of Columbia, Maryland and Virginia regulate by statute the fees that a health care provider legally may charge for retrieving and copying medical records." *Id.* at 78 n.2.

45.     In addition, the "OCR opinion" -- which is a letter to HealthPort from the HHS Office for Civil Rights, not formal guidance -- does not support Defendants' position that they may charge more for requests from an individual's attorney. MGUH Counsel referred to a footnote in this letter distinguishing "third party" records requests from requests made by an individual. But the footnote refers to a request by the "legal representative" of the individual, e.g., a guardian or person with power of attorney. Regardless of the correctness of this analysis, it does not apply here: the Plaintiffs sent personally signed requests to Defendants. Ex. 1, 3.

14

46.   A June 26, 2015 invoice reflects that the total charge for Plaintiff Hunter's records was $2,481.44, broken down as follows: 3,231 pages at 76 cents per page, a "basic fee" of $22.88, a handling fee of $1.00, an electronic delivery fee of $2.00. Ex. 14. Plaintiff Hunter, through his attorneys, paid the invoice in full.

47.   An August 3, 2015 invoice to the Gambinos reflects that the total charge for electronic copies of the records was $654.64, broken down as follows: 1336 pages at 49 cents per page. Ex. 15. Plaintiffs Garrett and Christine Gambino paid the invoice in full.

**2.   GWUH -- Alexander Borbely**

48.   On April 2, 2015, Plaintiff Alexander Borbely sent a personally signed letter to Defendant GWUH regarding care he received in the hospital in the District of Columbia, beginning in March 2015. The letter begins: "I request that you send a complete **electronic format copy** of my medical records, **including imaging studies and billing records**, for the above-listed time period, to my attorney." Mr. Borbely further stated that he was enclosing a "HIPAA-compliant authorization for this request." Ex. 16 (emphasis in original).

49.   GWUH states on its website, "Processing and copy fees are charged on a case-by-case basis. Costs may vary depending on the type of request." But then it goes on to state the standard rates it charges:

> **Patient Fees:**
> $0.76 per page plus shipping and handling fee for mailed request.
>
> $0.49 per page for electronic delivery.
>
> **Attorney Fees:**
> $22.88 preparation fee. $0.76 per page plus shipping and handling fee.

Attorney rates for viewing records: $25 per hour.[9]

50.     GWUH, through HealthPort, sent Mr. Borbely's attorney an invoice dated June 17, 2015 for $32.32, broken down as follows:  $5.32 for 7 pages of copies at 76 cents per page, a "Basic Fee" of $22.88, a "Handling Fee" of $1.00, shipping fee of $1.42, and $1.70 in sales tax. Ex. 17.

51.     GWUH, through HealthPort, sent Mr. Borbely's attorney a second invoice dated July 6, 2015, for a total amount of $430.20, broken down as follows: $404.32 for 532 pages of copies at 76 cents per page, a "Basic Fee" of $22.88, a "Handling Fee" of $1.00, and an "Electronic [Delivery] Fee" of $2.00. Ex. 18.

52.     Plaintiff Borbely, through his attorneys, paid both invoices in full.

## CLASS ACTION ALLEGATIONS

53.     Plaintiffs bring this action pursuant to Superior Court Rule of Civil Procedure 23, on their own behalf and on behalf of a proposed class of all persons who paid Defendants or their agents for copies of medical records requested by the patient, or requested by another person acting on the patient's behalf, in the District of Columbia.  Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

---

[9] http://www.gwhospital.com/patients-and-visitors/medical-records (viewed Aug. 3, 2015).

54.     This action is maintainable as a class action under Rule 23(a) and (b)(2) and (b)(3) of the District of Columbia Superior Court Rules of Civil Procedure.

55.     **Numerosity.** The Class consists of at least many hundreds of people who have been obtained their medical records from Defendants in the District of Columbia. The class is so numerous that joiner of all members is impracticable, and the disposition of these claims in a class action will benefit the parties and the Court.

56.     **Commonality and Predominance.** The questions of law and fact common to the Class have the capacity to generate common answers that will drive resolution of this action. They predominate over any questions affecting only individual class members. Common questions of law and fact include, but are not limited to, the following:

> a.  Whether Defendants violated state and law regarding reasonable charges for copies of medical records;
>
> b.  Whether Defendants failed to disclose material facts concerning the medical records of Plaintiffs and the Class;
>
> c.  Whether Defendants charged Plaintiffs and the Class prices for their medical records that are unconscionable under the CPPA;
>
> d.  Whether Defendants' conduct is an unfair trade practice under the CPPA; and
>
> e.  Whether Plaintiffs and the Class have sustained damages with respect to the claims asserted, and if so, the proper measure of those damages.

57.     **Typicality.** Plaintiffs' claims are typical of the claims of the Class because they were overcharged by Defendants for their medical records and were injured thereby. The claims of Plaintiffs and other members of the Class are based on the same legal theories and arise from the same false, misleading and unlawful conduct.

17

58.     **Adequacy.** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of other Class members. Each class member is entitled to damages reflecting a similar and discrete purchase or purchases that each class member made. Plaintiffs have retained competent and experienced class action counsel who intend to vigorously prosecute this action. The Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

59.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because joinder of all class members is impracticable. The amount at stake for each consumer, while significant, is such that individual litigation would be inefficient and cost-prohibitive. Additionally adjudication of this controversy as a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein. Plaintiffs anticipate no difficulty in the management of this action as a class action.

60.     This Court should certify an injunctive class under Superior Court Civil Rule 23(b)(2), because Defendant has refused to act on grounds that apply generally to the class, by charging amounts in excess of that allowed by law. Plaintiffs seek an order enjoining Defendants from denying electronic copies of medical records to their patients, and from charging in excess of the labor and supplies used in responding to all requests for both electronic and paper copies of medical records.

61.     **Notice to the Class.** Plaintiffs anticipate that this Court can direct notice to the class, to be effectuated by publication in major media outlets and the internet, and by reference to Defendant's books and records.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATION OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT, D.C. CODE § 28-3901 *ET SEQ.*

62.     Plaintiffs incorporate by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

63.     Plaintiffs bring this claim pursuant to the District of Columbia Consumer Protection Procedures Act, the purpose of which is to "assure that a just mechanism exists to remedy all improper trade practices and deter the continuing use of such practices." D.C. Code § 28-3901(b)(1). The CPPA "establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia." D.C. Code § 28-3901(c).

64.     Defendants' practice of charging for labor costs and supply costs they have not sustained in providing copies of medical records to Plaintiffs and others similarly situated is an "improper trade practice" and a false and misleading trade practice under the CPPA.

65.     Defendants' charges for medical records, which exceed their labor and supply costs in responding to requests, are not "reasonable fees" under D.C. Code § 3-1210.11, and as such, violate the CPPA.

66.     Defendants' policy and practice of charging patients and their representatives per-page rates and other charges for copies of medical records that exceed the labor and supply costs of responding to the request for copies constitute an "improper trade practice" under the CPPA.

67.     Defendants' policy and practice of charging attorneys and authorized representatives of individuals higher amounts for copies of medical records than they charge the individuals themselves constitute an "improper trade practice" under the CPPA. They are not "reasonable fees" under D.C. Code § 3-1210.11, and as such, violate the CPPA.

19

68.     Defendant MGUH's failure to inform consumers that they are entitled to an electronic copy of records maintained in electronic format constitutes a failure to state a material fact that tends to mislead, in violation of D.C. Code § 28-3904(f).

69.     Defendants' charges for copies of medical records at levels far exceeding their costs constitute unconscionable terms, and reflect a gross disparity between price and value, in violation of D.C. Code § 28-3904(r).

70.     The CPPA makes it unlawful to "sell consumer goods in a condition or manner not consistent with that warranted by operation or requirement of federal law." D.C. Code § 28-3904(x).  Defendants' charges for medical records violate the limitations on charges for medical records set forth in HIPAA, the HITECH Act and related regulations.  42 U.S.C. § 17935(e); 45 C.F.R. § 164.524(c)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the proposed class herein, pray for judgment and relief on all of their legal claims as follows:

A.     An order certifying that the action may be maintained as a class action;

B.     An order appointing Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

C.     An order enjoining Defendants from pursuing the policies, acts and practices complained of herein;

D.     An order requiring Defendants to pay treble damages or $1,500 per violation, whichever is greater, to Plaintiffs and all members of the Class;

E.     Pre-judgment interest from the date of filing this suit;

F.     Reasonable attorneys' fees;

G.    Costs of this suit; and

H.    Such other and further relief as the Court may deem necessary or proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all triable issues.

Dated: August 6, 2015

/s/ *Craig L. Briskin*
Craig L. Briskin (DC Bar #980841)
(cbriskin@findjustice.com)
Steven A. Skalet (DC Bar #359804)
MEHRI & SKALET, PLLC
1250 Connecticut Ave. NW, Suite 300
Washington, DC  20036
(202) 822-5100
Fax:  (202) 822-4997

Patrick Malone (DC Bar #397142)
Daniel Scialpi (DC Bar #997556)
PATRICK MALONE & ASSOCIATES
1111 16th St. NW, Suite 400
Washington, DC  20036
(202) 742-1500
Fax:  (202) 742-1515

**Counsel for Plaintiffs**

FAX                            2243345                    Healthport

March 14, 2015

Georgetown University Hospital
Attn: Medical Records
3800 Reservoir Rd NW
Washington, DC 20007

Re:

Dates of service: January 2013- present

Dear sirs,

I request that you send a complete electronic format copy of RG's          medical
records, including imaging studies and billing records, for the above-listed time period, to my
attorney:

Patrick A. Malone
Patrick Malone & Associates, PC
1111 16th St. NW, Suite 400
Washington, DC 20036
Phone: 202-742-1500
Facsimile: 202-742-1515

Enclosed you will find a HIPAA-compliant authorization for this request.

Please place the records on a CD and mail to my attorney at the above address, or provide
my attorney instructions about how to download the records from a secure website. Please act on
this request within 30 days, as you are required to by the HIPAA law.

This request is made pursuant to the HITECH Act, 42 U.S.C.A. 17935(e)(1), and its
implementing regulations, 45 CFR 164.524(c)(4)(i).  Please be aware that the HITECH Act
applies to requests like this one to send records to a third party such as my attorneys. "if
requested by an individual, a covered entity must transmit the copy of protected health
information directly to another person designated by the individual." Federal Register January
25, 2013 Vol 78 No. 17, Page 5634. The regulations require you to provide the records to any
person designated by the requesting person. See 45 CFR 164.524(c)(3)(ii).



EXHIBIT
1

113792836

Garret & Christine Gambino
Records Request for
March 14, 2015
Page 2

Do not send a paper copy of these records, and do not bill my attorneys for a paper copy. The HITECH Act and its regulations do not allow you to bill for paper copies when an electronic copy has been requested. You are allowed to bill only for your actual costs of copying (including supplies and labor) and postage. You are not allowed to charge a per-page fee, and you are not allowed to charge a search fee or retrieval fee. See 45 CFR 164.524(c)(4).

Please fax, email, or call my attorney with the amount you intend to charge before sending the records. If you follow the HITECH Act, my attorney will pay the bill promptly. Any failure by you to comply with the requirements of the HITECH Act and its implementing regulations will cause my attorney to file a complaint with the Office for Civil Rights of the U.S. Department of Health and Human Services.

Sincerely yours,


Date: 3/14/15

Garrett Gambino,
on behalf of     RG          , a minor


Date: 3/14/15

Christine Gambino,
on behalf of     RG          , a minor


Enclosures

AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION
OF       RG       PURSUANT TO HIPAA (45 C.F.R. 164.512)

TO:   Georgetown University Hospital

Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, you are hereby authorized to release to the law office of PATRICK MALONE & ASSOCIATES, P.C., or to any of its representatives, all medical records, meaning every page in my record, including but not limited to: office notes, face sheets, discharge summaries, history and physical, consultation notes, intra-operative records, anesthesia records, operative reports, recovery room, pathology reports, medication administration records, EKG reports, EKG strips, EEG reports, EEG strips, therapy notes, orders, progress notes, laboratory results, nurses notes, vital sign sheets, intake/output records, reports of all x-rays, mammograms, CT scans, MRIs or PET scans, respiratory therapy records, nutrition records, social worker records, transfusion records, code sheets, consent forms, autopsy report, labor flow sheets, labor and delivery summary, delivery summary/report/note, fetal monitor strips, nursery records, emergency room records, transfer records, discharge instructions, personal property list, in-patient records, clinic records, correspondence, photographs, videotapes, telephone messages, computer generated information, medical bills, pharmacy and drug records, health insurance, insurance claim forms, insurance payment forms, Medicaid or Medicare records, concerning any medical treatment that the above-named patient has received from you, at your institution, or which you keep in the regular course of business. I hereby authorize release of all records regarding mental health, psychiatric, chemical dependency or HIV.

A photocopy, fax, or digitally imaged copy of this authorization shall be as valid as the original.

The purposes of this authorization and request is to obtain ALL medical information pertaining to the patient's physical condition.

I further authorize attorneys at law office of PATRICK MALONE & ASSOCIATES, P.C., to speak to my healthcare professionals privately or to obtain testimony from them at deposition or trial as may be requested. It is my further request that you do not discuss my care with any other attorneys unless my own attorneys are also present.

I also hereby authorize you to provide, BUT ONLY IF REQUESTED, AND ONLY TO MY OWN ATTORNEYS, a written report concerning my condition, its causes, its prognosis, or any other matters they deem relevant to a legal claim.

This authorization expires three (3) years from the date of my signature; however, the above-named patient or his/her representative has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the health care provider identified above and to law office of PATRICK MALONE & ASSOCIATES, P.C.



The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

I understand that my healthcare or payment for healthcare will not be affected if I refuse to sign this authorization.

_____
Garret Giambino as parent and legal
guardian of  RG

_____
Christine Giambino as parent and legal
guardian of    RG

Patient's Date of Birth: ____ DOB _____

Patient's Social Security No.: ____ SSN _____

Date Signed: **3/14/15** _____

**IMPORTANT NOTICE TO PROVIDERS:**  By law, medical providers may not condition the release of patient data upon the signing of a written acknowledgment of a debt or the acknowledgment of a lien upon the potential receipt of proceeds from a claim.

Apr. 11. 2015 10:59AM                                              No. 2719   P. 1

March 23, 2015

Lincoln Hunter
2345 14th St NE.
Washington, DC 20018

Re:   Lincoln Hunter
      Dates of service: January 2015-present

Dear sirs,

I request that you send a complete electronic format copy of my medical records, including imaging studies and billing records, for the above-listed time period, to my attorney:

Patrick A. Malone
Patrick Malone & Associates, PC
1111 16th St. NW, Suite 400
Washington, DC 20036
Phone: 202-742-1500
Facsimile: 202-742-1515

Enclosed you will find a HIPAA-compliant authorization for this request.

Please place the records on a CD and mail to my attorney at the above address, or provide my attorney instructions about how to download the records from a secure website. Please act on this request within 30 days, as you are required to by the HIPAA law.

This request is made pursuant to the HITECH Act, 42 U.S.C.A. 17935(e)(1), and its implementing regulations, 45 CFR 164.524(c)(4)(i). Please be aware that the HITECH Act applies to requests like this one to send records to a third party such as my attorneys. "if requested by an individual, a covered entity must transmit the copy of protected health information directly to another person designated by the individual." Federal Register January 25, 2013 Vol 78 No. 17, Page 5634. The regulations require you to provide the records to any person designated by the requesting person. See 45 CFR 164.524(c)(3)(ii).

Do not send a paper copy of these records, and do not bill my attorneys for a paper copy. The HITECH Act and its regulations do not allow you to bill for paper copies when an electronic copy has been requested. You are allowed to bill only for your actual costs of copying (including



EXHIBIT
3

Apr. 11. 2015 11:00AM                                    No. 2719   P. 2

Lincoln Hunter
Medical Records Request
March 23, 2015
Page 2

supplies and labor) and postage. You are not allowed to charge a per-page fee, and you are not allowed to charge a search fee or retrieval fee. See 45 CFR 164.524(c)(4).

Please fax, email, or call my attorney with the amount you intend to charge before sending the records. If you follow the HITECH Act, my attorney will pay the bill promptly. Any failure by you to comply with the requirements of the HITECH Act and its implementing regulations will cause my attorney to file a complaint with the Office for Civil Rights of the U.S. Department of Health and Human Services.

Sincerely yours,

Date: 4. 6. 15

Lincoln Hunter

## AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION
## OF LINCOLN HUNTER PURSUANT TO HIPAA (45 C.F.R. 164.512)

TO:      Georgetown University Hospital

Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, you are hereby authorized to release to the law office of PATRICK MALONE & ASSOCIATES, P.C., or to any of its representatives, all medical records, meaning every page in my record, including but not limited to: office notes, face sheets, discharge summaries, history and physical, consultation notes, intra-operative records, anesthesia records, operative reports, recovery room, pathology reports, medication administration records, EKG reports, EKG strips, EEG reports, EEG strips, therapy notes, orders, progress notes, laboratory results, nurses notes, vital sign sheets, intake/output records, reports of all x-rays, mammograms, CT scans, MRIs or PET scans, respiratory therapy records, nutrition records, social worker records, transfusion records, code sheets, consent forms, autopsy report, labor flow sheets, labor and delivery summary, delivery summary/report/note, fetal monitor strips, nursery records, emergency room records, transfer records, discharge instructions, personal property list, in-patient records, clinic records, correspondence, photographs, videotapes, telephone messages, computer generated information, medical bills, pharmacy and drug records, health insurance, insurance claim forms, insurance payment forms, Medicaid or Medicare records, concerning any medical treatment that the above-named patient has received from you, at your institution, or which you keep in the regular course of business. I hereby authorize release of all records regarding mental health, psychiatric, chemical dependency or HIV.

A photocopy, fax, or digitally imaged copy of this authorization shall be as valid as the original.

The purpose of this authorization and request is to obtain ALL medical information and medical bills pertaining to the patient's physical condition.

I further authorize attorneys at law office of PATRICK MALONE & ASSOCIATES, P.C., to speak to my healthcare professionals privately or to obtain testimony from them at deposition or trial as may be requested. It is my further request that you do not discuss my care with any other attorneys unless my own attorneys are also present.

I also hereby authorize you to provide, BUT ONLY IF REQUESTED, AND ONLY TO MY OWN ATTORNEYS, a written report concerning my condition, its causes, its prognosis, or any other matters they deem relevant to a legal claim.

This authorization expires three (3) years from the date of my signature; however, the above-named patient or his/her representative has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the health care provider identified above and to law office of PATRICK MALONE & ASSOCIATES, P.C.



EXHIBIT
4

The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

I understand that my healthcare or payment for healthcare will not be affected if I refuse to sign this authorization.

Lincoln Hunter

Patient's Date of Birth:        DOB

Patient's Social Security No.:        SSN

Date Signed:   3/13/15

IMPORTANT NOTICE TO PROVIDERS:  By law, medical providers may not condition the release of patient data upon the signing of a written acknowledgment of a debt or the acknowledgment of a lien upon the potential receipt of proceeds from a claim.

PAGE   01

## PRICE APPROVAL REQUEST
### HEALTHPORT
### Medical Record Correspondence Copying

Please follow this in the following medical records requester:

| | |
|---|---|
| Attention: | Facility: Medstar Georgetown Univ. Hospital |
| Requester: Patrick Malone, Esq. | Site #: 23015 |
| Address: 1111 14th St NW Ste 400 | Address: 3800 Reservoir Rd WO8 Rm 450 |
| City, ST, Zip: Wash. DC. 20036 | City, ST, Zip: Washington DC 20007 |
| Telephone: 202-742-1500 | HealthPort Rep: |
| Requester Fax: 202-742-1515 | |

Please complete the requested information at the bottom of this form and return via fax to:

Fax to: LaTausa

Fax Number: 202-444-84904    Phone 202-444-3392

Dear Medical Record Requester :    DATE: 4/4/15

HealthPort has contracted with _____ M.Gantt _____ (Medical Facility/State) to reproduce medical records upon authorized requests. We are an independent service organization that specializes in processing third-party requests for medical records. Our own qualified personnel inspects, copies and mails documents in response to medical record requests. All copies are made from original medical records at the designated health care facility.

We received your request for medical record copies for:

| | |
|---|---|
| Patient: RG | Date of Birth : DOB |
| Claim # or Other ID : | Date of Admission : All |

The charges for performing this service are detailed below. We require PRICE APPROVAL in order to process your request. Please realize that the following price is only an estimate. You can expect that the final price may be within ten percent (10%) above or below the approximate total price listed on this form.

### HEALTHPORT FEE SCHEDULE                     Entire Chart

| | |
|---|---|
| APPROXIMATE PAGE COUNT : 1500 | APPROXIMATE Total : $ 1160.88 |
| Basic Fee : 22.88 | Shipping/Handling : 5.00 |
| Per Page Fee : .76 | Sales Tax : 0 |

In order for your request to be processed you will need to complete the 5 items inside this box.  Your signature on the "Approved By" line will serve as your agreement to pay the dollar amount indicated above (plus or minus 10%).

| | |
|---|---|
| Approved By: | Date: |
| Print Name: | Phone: |
| Title: | |

#### MUST BE COMPLETED TO PROCESS REQUEST

01/26/09

EXHIBIT
5

— We do not put
Records on CD
— Only paper copy

## PRICE APPROVAL REQUEST
### HEALTHPORT
#### Medical Record Correspondence Copying

Please deliver this to the following medical records requester:

Attention: Patrick Malone   Facility: Medstar Georgetown Univ. Hospital

Requester:   Site #: 23015

Address: 111 14th St NW 4th Fl 400   Address: 3800 Reservoir Rd. LWGB Rm 1470

City, ST, Zip: Wash. DC 20026   City, ST, Zip: Washington DC 20007

Telephone: 202-742-1500   HealthPort Rep:

Requester Fax: 202-742-1615

Please complete this requested information at the bottom of this form and return via fax to:

Fax to: LaTanica

Fax Number: 202-444-8494   Phone: 202-444-3392

Dear Medical Record Requester:   DATE: 4/28/15

HealthPort has contracted with MGUH   (Medical facility/State) to reproduce medical records upon authorized requests. We are an independent service organization that specializes in processing third-party requests for medical records. Our own qualified personnel inspects, copies and mails documents in response to medical record requests. All copies are made from original medical records at the designated health care facility.

We received your request for medical record copies for:

Patient: Lincoln Hunter   Date of Birth: DOB

Claim # or Other ID:   Date of Admission: Jan 2015 + present

The charges for performing this service are detailed below. We require PRICE APPROVAL in order to process your request. Please realize that the following price is only an estimate. You can expect that the final price may be within ten percent (10%) above or below the approximate total price listed on this form.

### HEALTHPORT FEE SCHEDULE   Complete Chart

APPROXIMATE PAGE COUNT: 8000   APPROXIMATE Total: 1569.26

Basic Fee: 22.88   Shipping/Handling: 16.38

Per Page Fee: (26)   Sales Tax: 0

In order for your request to be processed you will need to complete the 5 items inside this box. Your signature on the "Approved By" line will serve as your agreement to pay the dollar amount indicated above (plus or minus 10%).

Approved By: _____   Date: _____

Print Name: _____   Phone: _____

Title: _____

#### MUST BE COMPLETED TO PROCESS REQUEST

03/26/09

EXHIBIT
6



PATRICK MALONE
ASSOCIATES

April 10, 2015

Georgetown University Hospital
Attn: Medical Records
3800 Reservoir Rd NW
CCC Building
Washington, DC 20007

   Re:  RG
     Dates of service: January 2013- present

Dear sirs,

   Our clients Garrett and Christine Gambino sent you a letter dated March 14, 2015 asking you to send copies of the records of their daughter   RG    for all services from January 2013 through the present, to be placed on a CD in electronic format.

   Your response, in the form of a "price approval request," states, "We do not put records on CD. Only paper copy." You also ask us to pay $1,167.88.

   Please be advised: You are required by the HITECH Act, 42 U.S.C.A. 17935(e)(1), and its implementing regulations, 45 CFR 164.524(c)(4)(i), to produce records in the format requested. You are not allowed to charge per page. We will complain to the HHS Office for Civil Rights if you do not send the records in the format requested with a reasonable charge. We also may file suit against your institution if necessary. We have enclosed a copy of the fee approval and the original letter signed by our clients.

          Sincerely,

          Patrick A. Malone

PAM/ejc
Enclosures
Cc:  MedStar Health System
   Oliver Johnson
   Office of the General Counsel
   5565 Sterrett Place
   Columbia, MD 21044



EXHIBIT
7

Patrick A. Malone
Daniel C. Scialpi
Alfred A. Clarke



PATRICK MALONE
ASSOCIATES

April 29, 2015

MedStar Georgetown University Hospital
Attn: Medical Records
3800 Reservoir Road, NW
Bles Building Lower Level, Room 140
Washington, DC 20007

  Re:  Lincoln Hunter
     Dates of service: January 2015-Present

Dear Sirs,

  Our client Lincoln Hunter sent you a letter dated March 23, 2015 asking you to send copies of his records for all service from January 2015 through the present, to be placed on a CD in electronic format.

  Your second response, after denying the validity of our HIPAA compliant authorization in your first response, was a price approval request requesting $1559.26 for copies of approximately 2000 pages at the rate of 76 cents per page, plus taxes and fees. I have attached a copy of this price approval request, our previous letter to you, and Mr. Hunter's letter.

  Please be advised: You are required by the HITECH Act, 42 U.S.C.A. 17935(e)(1), and its implementing regulations, 45 CFR 164.524(c)(4)(i), to produce records in the format requested. You are not allowed to charge per page. We will complain to the HHS Office for Civil Rights if you do not send the records in the format requested with a reasonable charge. We also may file suit against your institution if necessary.

        Sincerely,

        Patrick A. Malone

PAM/ejc
Enclosure
Cc:  MedStar Health System
    Oliver Johnson
    Office of the General Counsel
    5565 Sterrett Place
    Columbia, MD 21044

1111 16th Street, NW • Suite 400
Washington, D.C. 20036
202-742-1500 • 202-742-1515 fax
www.patrickmalonelaw.com

Patrick A. Malone
Daniel C. Scialpi
Alfred A. Clarke



EXHIBIT
8



**MedStar Health**

2000 North 15th Street, Suite 302
Arlington, VA 22201-2553
703 558 1100 phone
703 558 1111 fax
Medstarhealth.org

Legal Department

April 30, 2015

Daniel C. Scialpi
Patrick Malone & Associates
1111 16th Street, NW, Suite 400
Washington, DC 20036

Dear Mr. Scialpi:

We are in receipt of your letters dated April 10 and April 24, 2015 regarding medical record requests for      RG      and Lincoln Hunter, respectively.

Based on the information you forwarded to us, it appears that your client's request for records was specifically limited to electronic records to be delivered by CD.

Please be advised that in accordance with 45 CFR 164.524(c)(2)(i) MedStar is required to provide the individual with access to their protected health information in the form or format requested by the individual, if it is readily producible in such form or format; or, if not in a readable hard copy form or such other form or format as agreed to by the covered entity and the individual. MedStar does not have the capability of producing copies of medical records on CDs and as such, in accordance with the above-mentioned regulation, your client was offered alternative methods to receive access to electronic medical records, which was not acceptable to you.   Thus the alternative -- in accordance with 45 CFR 164.524(c)(2)(i) would be to receive paper medical records.

In your correspondence to us you mentioned regulation 45 CFR 164.524(c)(4)(i) which refers to fees for copying.  In accordance with 45 CFR 164.524(c)(4)(i) MedStar is permitted to impose a reasonable cost-based fee, provided the fee includes the cost of copying (this includes supplies and labor), postage and preparation of an explanation or summary of the protected health information if agreed to by the individual requesting records.  The fee quoted was in accordance with the regulation.

Sincerely,

Lee Bergman
Hospital Counsel

EXHIBIT
9

*Knowledge and Compassion*
*Focused on You*



PATRICK M. MALONE ASSOCIATES

April 30, 2015

VIA EMAIL

Lee Bergman
MedStar Health
Legal Department
2000 North, 15ᵗʰ Street, Suite 302
Arlington, VA 22201-2683
Lee.A.Bergman@Medstar.net

Re:   Lincoln Hunter and   RG

Dear Mr. Bergman,

I received your letter from earlier today informing us that MedStar is incapable of providing us with electronic copies of the medical records for our clients, Lincoln Hunter and   RG    .   In your letter you state:

Please be advised that in accordance with 45 CFR 164.524(c)(2)(i) MedStar is required to provide the individual with access to their protected health information in the form or format requested by the individual, if it is readily producible in such form or format or, if not in a readable hard copy form or such other form or format as agreed to by the covered entity and the individual. MedStar does not have the capability of producing copies of medical records on CDs and as such, in accordance with the above-mentioned regulation, your client was offered alternative methods to receive access to electronic medical records, which was not acceptable to you.

This statement does not reflect the current federal law regarding the production of medical records.

You quote 45 CFR §164.524, but you fail to mention that this regulation, promulgated in 2003, was clarified by an act of Congress in 2009 — the HITECH Act (42 U.S.C. § 17901 et seq.), which states at 42 U.S.C. §17935(e):

(e) Access to certain information in electronic format

In applying section 164.524 of title 45, Code of Federal Regulations, in the case that a covered entity uses or maintains an electronic health record with respect to protected health information of an individual—

(1) the individual shall have a right to obtain from such covered entity a copy of such information in an electronic format and, if the individual chooses, to direct the covered

Patrick A. Malone
Daniel C. Scialpi
Alfred A. Clarke

1111 16th Street, NW • Suite 400
Washington, D.C. 20036
202-742-1500 • 202-742-1515 fax
www.patrickmalonelaw.com

EXHIBIT
01

PATRICK MALONE & ASSOCIATES, P.C.

Lee Bergman
April 30, 2015
Page 2

entity to transmit such copy directly to an entity or person designated by the individual,
provided that any such choice is clear, conspicuous, and specific; and

(2) notwithstanding paragraph (c)(4) of such section, any fee that the covered entity may
impose for providing such individual with a copy of such information (or a summary or
explanation of such information) if such copy (or summary or explanation) is in an
electronic form shall not be greater than the entity's labor costs in responding to the request
for the copy (or summary or explanation).

(emphasis added)

MedStar may not refuse to produce copies of our clients' medical records in an electronic
format. Since your letter indicates that MedStar maintains electronic medical records for our
clients, MedStar must produce such records under the HITECH Act.

Furthermore, regarding your representation that MedStar "does not have the capability of
producing copies of medical records on CDs," I want to be clear that we will accept our clients'
medical records in an electronic format produced on CD, flash drive, by email, or in any other way
in which these records can be produced. I assume MedStar has the capability of transmitting the
electronic records in same form to us. If this is not the case, please explain how it is that MedStar
is incapable of producing these records in an electronic format.

Finally, I am not sure what you mean when you say that "your client was offered alternative
methods to receive access to electronic medical records, which was not acceptable to you." As the
Invoice for RG records says, in handwriting, "We do not put records on CD. Only
paper copy." If the "alternative method to receive access to electronic medical records," that you
are referring to is to receive them in a paper form, then MedStar is failing to comply with the
HITECH Act.

Therefore, I would ask you again to comply with federal law and respect our client's right
to obtain their medical records in an electronic format. If you cannot do so within a week, I will
file a complaint with the Health and Human Services Office for Civil Rights.

Thank you for your attention to this matter.

Sincerely,

Daniel C. Scialpi

DCS/gc

Daniel Scialpi

| | |
|---|---|
| **From:** | Bergman, Lee A <Lee.A.Bergman@Medstar.net> |
| **Sent:** | Monday, May 11, 2015 4:05 PM |
| **To:** | Daniel Scialpi |
| **Cc:** | Edward Caughlan; Mutuvi-Thomas, Mutanu M |
| **Subject:** | RE: MGUH - Letter April 10, 2015 |
| **Attachments:** | HPC MEMBERSHIP FORM 070114.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Daniel,

I am responding via e-mail rather than another formal letter. Please let me know if this will suffice.

I met with our Privacy Officer and our vendor, Healthport, to obtain answers to your questions. From the letters, I believe your questions are: 1) In what format can you (or your client) receive your client's medical record and 2) how is the cost calculated to you and/or to your client?

1) Currently, MedStar Georgetown does not have the capability to provide medical records on a CD. There are two formats currently available: 1) a paper copy can be mailed or 2) the medical record can be accessed electronically through HealthPort Connect ("HP Connect"). To utilize HP Connect, attorneys/third-parties must complete the attached Membership form. The applicable transaction fee is based on how long the attorney/third-party requires access to the Portal because HealthPort is essentially storing the medical record for you until you are done using it. The record can be printed and/or downloaded to a computer. The same two options are available for patients, although the process for accessing HP Connect is different for a patient and does not require completion of the Membership form (I can explain this process if you wish but it is basically accessed through a link to the portal which is sent to the patient through secure e-mail).

2) The cost of the medical record is based on state regulation. Since D.C. is not regulated, the default is Maryland. The cost associated with the release of a medical record for a patient is 76 cents per page per Maryland regulation when printed on paper. The cost associated with the release of a medical record to a patient through HP Connect is based on the labor and supply costs calculated at 49 cents per page. The cost to attorneys/third-parties is 76 cents per page regardless of the format (plus the transaction fee for HP Connect). The rate differential for patients versus attorneys/third-parties has been confirmed in an OCR opinion (again, we can provide additional details if you wish).

Please let us know if you have further questions. All requests for medical records should be submitted to the hospital. The response should indicate the format options and the associated costs. When payment is received, the medical will be released in the format selected.

Lee

**From:** Daniel Scialpi [mailto:dscialpi@patrickmalonelaw.com]
**Sent:** Friday, May 08, 2015 10:02 AM
**To:** Bergman, Lee A
**Cc:** Edward Caughlan; Mutuvi-Thomas, Mutanu M; Lord, Elina
**Subject:** RE: MGUH - Letter April 10, 2015



## ⁘ HealthPortConnect.

## MEMBERSHIP FORM

PRICING STRUCTURE: Online Delivery – Select one:

☐      Option 1: $2.00 delivery fee per request and 90 days of free storage. Records will automatically delete from the server after allotted time.

☐      Option 2: $3.99 delivery fee per request and records will be stored for 180 days. Records will automatically delete from the server after allotted time.

☐      Option 3: $4.99 delivery fee per request and records will be stored for 365 days. Records will automatically delete from the server after allotted time.

### ABOVE PRICES ARE IN ADDITION TO STATE LEGISLATED RELEASE OF INFORMATION RATES.

*Once selection has been made and your account has been created, you may change your selection at any time, based on your changing needs. The prices set forth above may be increased by HealthPort upon written notice.*

Membership Fee       $         Waived

ORDER INFORMATION:

_____     _____
Contact Name                               Business Name

_____
Address

_____    _____    _____
City                                     State                  Zip

_____   _____   _____
Telephone                       Fax                    Email (REQUIRED)

BY REQUESTING THE RECEIPT OF MEDICAL RECORDS ELECTRONICALLY, I HEREBY ACKNOWLEDGE MY COMPLIANCE WITH ALL APPLICABLE STATE AND FEDERAL LAWS, RULES AND REGULATIONS PERTAINING TO THE DISCLOSURE AND CONFIDENTIALITY OF MEDICAL RECORD INFORMATION.

I ALSO HEREBY ACKNOWLEDGE THAT THIS AGREEMENT IS SOLELY BETWEEN HEALTHPORT AND (FIRM) FOR RECORDS DELIVERY, AND THE ABOVE PRICES DO NOT CONSTITUTE FEES CHARGED BY MEDICAL FACILITIES FOR THE RELEASE OF INFORMATION UNDER ANY APPLICABLE STATE LAW, INCLUDING, BUT NOT LIMITED TO, CHARGES UNDER N.C.G.S.A. § 44-49.

_____     _____
Signature                                  Date

SYSTEM REQUIREMENTS: Operational on a Windows, Linux, Solaris, or Mac platform with a minimum Pentium 3 or G3 processors using Internet Explorer (5.0 or greater with a 128-bit encryption pack) or Netscape (4.7 or greater) as the Internet Browser.

| OFFICE USE ONLY | |
| --- | --- |
| CUSTOMER NUMBER | PRODUCT SERVICES TEAM |
| ASSIGNED LOGIN NAME | HPC Rep.          DATE |

925 North Point Pkwy  #350   Alpharetta, GA 30005     p:770.754.3252   f:770.810.5147   www.healthport.com

EXHIBIT
12

**Daniel Scialpi**

| | |
|---|---|
| From: | Bergman, Lee A <Lee.A.Bergman@Medstar.net> |
| Sent: | Wednesday, May 13, 2015 5:15 PM |
| To: | Daniel Scialpi |
| Cc: | Edward Caughlan; Mutuvi-Thomas, Mutanu M |
| Subject: | RE: MGUH - Letter April 10, 2015 |
| Attachments: | OCR Seattle Office - Attorney not Entitled to Patient Pricing 2015.pdf; Adam Greene article 2-5-15.html.docx |

| | |
|---|---|
| Follow Up Flag: | Follow up |
| Flag Status: | Completed |

Daniel,

According to Healthport, the amount charged to a patient versus a third-party is the same for paper medical record per state law (Maryland law) which is 76 cents per page. The amount charged to a patient versus a third-party for electronic format is different because the federal law cited only applies to patients. Please see HealthPort's communication from OCR which is attached (see footnote on page 1). OCR agrees that third party records requests are not individual requests and therefore 45 C.F.R. 164.524 does not apply to these requests. Therefore, HealthPort is permitted to determine what they consider a reasonable fee for providing those records to you because you are a third party.

Regarding the calculations, HealthPort engaged KPMG to determine industry standard fees for scanning, compiling, organizing and distribution of electronic medical records on behalf of their clients. This fee is not specific to MedStar but rather applies to all their clients. To that end we are not in the position to provide to you a breakdown of how they determine the fee structure.

Should your client wish to request that the medical record be released to them personally, HealthPort will provide access to the HP e-portal to receive the reduced rate. Otherwise please consider the fees quoted to you as reasonable fees for release of patient information to a third party and notify our custodian of records if you will be forwarding payment for the records. If so please follow the instructions previously provided to receive your client's electronic medical records.

Lee

Attachments: OCR Opinion and Adam Green Article

From: Daniel Scialpi [mailto:dscialpi@patrickmalonelaw.com]
Sent: Tuesday, May 12, 2015 3:08 PM
To: Bergman, Lee A
Cc: Edward Caughlan; Mutuvi-Thomas, Mutanu M
Subject: Re: MGUH - Letter April 10, 2015

Lee: Yes, I'd like to see the OCR opinion you are referring to. Please send that to me.

Regardless, I doubt the opinion changes federal law (45 CFR 164.524) which requires you to charge only a "a reasonable, cost-based fee" for the production of medical records. Your office's policies fly in the face of these regulations, and the HITECH Act, which limits you to only charging reasonable labor costs for the production of electronic medical records; not the $1000+ fees you now propose to charge your patients.



EXHIBIT

13

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

**HealthPort.**
**INVOICE**

Invoice #: 0171711871
Date: 6/26/2015
Customer #: 1204

| Ship to: | Bill to: | Records from: |
|---|---|---|
| DANIEL C SCIALPI | DANIEL C SCIALPI | GEORGETOWN UNIVERSITY HOSPITAL |
| PATRICK MALONE AND ASSOC | PATRICK MALONE AND ASSOC | 3800 RESERVOIR ROAD NW |
| 1111 16TH ST NW | 1111 16TH ST NW | WASHINGTON, DC 20007 |
| STE 400 | STE 400 | |
| WASHINGTON, DC 20036-4817 | WASHINGTON, DC 20036-4817 | |

Requested By: PATRICK MALONE AND ASSOC          DOB: DOB
Patient Name: HUNTER LINCOLN

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Per your request, please let this serve as your fee approval notice for medical records requested from the facility listed above. If you would like to approve this amount please contact a HealthPort representative at **770-754-6000**. If you would like to expedite delivery of your request, please go to www.HealthPortPay.com to pay electronically. | | | |
| Basic Fee | | | 22.86 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 3231 | 0.76 | 2,455.56 |
| Handling Fee | | | 1.00 |
| Electronic Divry Fee | | | 2.00 |
| Subtotal | | | 2,481.44 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 2,481.44 |
| Balance Due | | | 2,481.44 |

Pay your invoice online at www.HealthPortPay.com

**Please remit this amount : $ 2,481.44 (USD)**

---

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

| Invoice #: 0171711871 |
|---|
| Check # _____ |
| Payment Amount $ _____ |

**Please return stub with payment.**
Please include invoice number on check.
To pay invoice online, please go to www.HealthPortPay.com or call (770) 754 6000.
Email questions to Collections@healthport.com.



EXHIBIT
14

**HealthPort**
P.O. Box 409900
Atlanta, GA 30384-9900
Fed Tax ID 58 - 2659941
1-877-595-9900

**HealthPort.**
**INVOICE**
Electronic Delivery Service

Invoice #: 0174112623
Date: 8/3/2015

**HealthPortConnect**

**Ship to:**

Garrett Gambino
Garrett Gambino
5605 RIDGE VIEW DR
ALEXANDRIA, VA 22310-1465

**Bill to:**

Garrett Gambino
Garrett Gambino
5605 RIDGE VIEW DR
ALEXANDRIA, VA 22310-1465

**Records from:**

GEORGETOWN UNIVERSITY HOSPITAL
3800 RESERVOIR ROAD NW
WASHINGTON, DC 20007

Requested By: GARRETT GAMBINO
Patient Name: GAMBINO

DOB: DOB

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 0.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 1336 | 0.49 | 654.64 |
| Per Page Copy (Paper) 2 | 10 | 0.00 | 0.00 |
| Subtotal | | | 654.64 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 654.64 |
| Balance Due | | | 654.64 |

**Please Note:** Your medical record request has been delivered electronically to your HealthPortConnect account.

Pay your invoice online at www.HealthPortPay.com

Terms: Net 30 days

**Please remit this amount : $ 654.64 (USD)**

- - - - - - - - - - - - - - - - - - - - - - - - - ✂ - - - - - - - - - - - - - - - - - - - - - - - - -

**HealthPort**
P.O. Box 409900
Atlanta, GA 30384-9900
Fed Tax ID 58 - 2659941
1-877-595-9900

Invoice #: 0174112623

Check # _____

Payment Amount $ _____

**Please return stub with payment**
Please include invoice number on check.
To pay invoice online, please go to http_____.com or call (770) 754 6000.
Email questions to Collections@healthport.com.


EXHIBIT
15

April 2, 2015

Health Information Management Dept.
George Washington University Hospital
Attention: Correspondence
900 23rd Street, NW
Suite G2036
Washington DC 20037

Re:    Alexander Borbely
       Dates of service: March 2015-present

Dear sirs,

I request that you send a complete electronic format copy of my medical records, including imaging studies and billing records, for the above-listed time period, to my attorney:

Patrick A. Malone
Patrick Malone & Associates, PC
1111 16th St, NW, Suite 400
Washington, DC 20036
Phone: 202-742-1500
Facsimile: 202-742-1515

Enclosed you will find a HIPAA-compliant authorization for this request.

Please place the records on a CD and mail to my attorney at the above address, or provide my attorney instructions about how to download the records from a secure website. Please act on this request within 30 days, as you are required to by the HIPAA law.

This request is made pursuant to the HITECH Act, 42 U.S.C.A. 17935(e)(1), and its implementing regulations, 45 CFR 164.524(c)(4)(i). Please be aware that the HITECH Act applies to requests like this one to send records to a third party such as my attorneys. "if requested by an individual, a covered entity must transmit the copy of protected health information directly to another person designated by the individual." Federal Register January 25, 2013 Vol 78 No. 17, Page 5634. The regulations require you to provide the records to any person designated by the requesting person. See 45 CFR 164.524(c)(3)(ii).



EXHIBIT
16

Alexander Borbely
Medical Records Request
April 2, 2015
Page 2

supplies and labor) and postage. You are not allowed to charge a per-page fee, and you are not allowed to charge a search fee or retrieval fee. See 45 CFR 164.524(c)(4).

Please fax, email, or call my attorney with the amount you intend to charge before sending the records. If you follow the HITECH Act, my attorney will pay the bill promptly. Any failure by you to comply with the requirements of the HITECH Act and its implementing regulations will cause my attorney to file a complaint with the Office for Civil Rights of the U.S. Department of Health and Human Services.

Sincerely yours,

_____

Alexander Borbely

Date: 4/6/15

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384
Fed Tax ID 58 - 26599
(770) 754 - 6000

**HealthPort.**
**INVOICE**

Invoice #: 0171097055
Date: 6/17/2015
Customer #: 1204

Ship to:
PATRICK MALONE AND ASSOCIATES
PATRICK MALONE AND ASSOC
1111 16TH ST
STE 400
WASHINGTON, DC 20036-4817

Bill to:
PATRICK MALONE AND ASSOCIATES
PATRICK MALONE AND ASSOC
1111 16TH ST NW
STE 400
WASHINGTON, DC 20036-4817

Records from:
GEORGE WASHINGTON UNIV HOSP
900 23RD ST NW
WASHINGTON, DC 20037

Requested By: PATRICK MALONE AND ASSOCIATES
Patient Name: BORBELY ALEXANDER

SSN: SSN
DOB: DOB

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 22.86 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 7 | 0.76 | 5.32 |
| Handling Fee | | | 1.00 |
| Shipping | | | 1.42 |
| Subtotal | | | 30.62 |
| Sales Tax | | | 1.70 |
| Invoice Total | | | 32.32 |
| Balance Due | | | 32.32 |

Pay your invoice online at www.HealthPortPay.com

Terms: Net 30 days

Please remit this amount : $ 32.32 (USD)

---

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

Invoice #: 0171097055

Check # _____

Payment Amount $ _____

**Please return stub with payment**
Please include invoice number on check.
To pay invoice online, please go to www.  or call (770) 754 6000.
Email questions to Collections@healthport.com.

EXHIBIT
17

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000


## HealthPort.
### INVOICE

Invoice #: 0172194656
Date:      7/6/2015
Customer #:   1204

**Ship to:**

PATRICK A MALONE
PATRICK MALONE AND ASSOC
1111 16TH ST NW
STE 400
WASHINGTON, DC 20036-4817

**Bill to:**

PATRICK A MALONE
PATRICK MALONE AND ASSOC
1111 16TH ST NW
STE 400
WASHINGTON, DC 20036-4817

**Records from:**

GEORGE WASHINGTON UNIV HOSP
900 23RD ST NW
WASHINGTON, DC 20037

Requested By: PATRICK MALONE AND ASSOC          DOB: DOB
Patient Name: BORBELY ALEXANDER

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Per your request, please let this serve as your fee approval notice for medical records requested from the facility listed above. If you would like to approve this amount please contact a HealthPort representative at **770-754-6000.** If you would like to expedite delivery of your request, please go to www.HealthPortPay.com to pay electronically. | | | |
| Basic Fee | | | 22.86 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 532 | 0.76 | 404.32 |

Invoice #: 0172194656

Check # _____

Payment Amount $_____

## Please return stub with payment
Please include invoice number on check.
To pay invoice online, please go to www.He         call (770) 754 6000.
Email questions to Collections@healthport.com.


EXHIBIT
18